IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DENVER IVAN WILSON,

      Plaintiff,

v.                                     CASE NO. 4:13-cv-167-MW-GRJ

B. PADGHAM, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint on the court's standard form (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff alleges that Defendants are violating his First Amendment right to free exercise of religion and the Religious Land Use and Institutionalized Persons Act (RLUIPA), citing a restrictive grooming policy, lack of space for daily prayers, threats of retaliation, and a prohibition on congregational prayer in the housing dormitory. Plaintiff also alleges an officer pushed him into a door frame, but does not allege any injury. As relief Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Doc. 1.)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. <u>Miller v. Donald</u>, 541 F.3d 1091, 1095 (11th Cir. 2008); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed three cases in the Middle District of Florida which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. <u>See</u> <u>Wilson v. Kissimmee Police Dep't</u>, No. 6:00-cv-01138-PCF (M.D. Fla. Oct. 12, 2000)(dismissed as frivolous); <u>Wilson v. Jaynes</u>, No. 6:01-cv-297-ACC (M.D. Fla. Aug. 8, 2001) (dismissed for failure to state a claim); <u>Wilson v. Berry</u>, No. 3:05-cv-414-UA-HTS (M.D. Fla. May 25, 2005) (dismissed for failure to disclose prior cases).[1]

Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2.) Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and his allegations do not suggest that he is in "imminent danger of serious physical injury." Accordingly,

---

[1]The Court takes notice that in the instant complaint (Doc. 1), Plaintiff once again failed to fully disclose his prior cases as required by the Court's civil rights complaint form. Notably, he completely omitted any mention of <u>Wilson v. Kissimmee Police Dep't</u>, No. 6:00-cv-01138-PCF (M.D. Fla. Oct. 12, 2000), which was dismissed as frivolous. And while Plaintiff did disclose <u>Wilson v. Berry</u>, No. 3:05-cv-414-UA-HTS (M.D. Fla. May 25, 2005), he stated that the case was "voluntary dismissed" when in fact it was dismissed by the Court for Plaintiff's failure to disclose his prior cases. In total, PACER indicates that Plaintiff has filed 11 prior suits in federal court, but he only discloses 5 prior federal suits. This dishonesty also warrants dismissal for abuse of the judicial process.

Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because

Plaintiff has three strikes under the PLRA and because he does not allege that he is in

any imminent danger.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should

be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) should be denied.

**IN CHAMBERS**, at Gainesville, Florida, this 5th day of April 2013.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.